**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **AUTONOMOUS IP, LLC,**<br>    **Plaintiff,** | **Civil Action No. 7:24-cv-00051** |
| **v.** | |
| **LYFT, INC,**<br>    **Defendant** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Autonmous IP, LLC ("Plaintiff" or "Autonomous") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 10,127,818 ("the '818 patent") (referred to as the "Patent-in-Suit") by Lyft, Inc. ("Defendant" or "Lyft").

**I.      THE PARTIES**

1.    Plaintiff is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2.    On information and belief, Defendant is a Delaware corporation with a principal address of 185 Berry Street #5000, San Francisco, CA 94107, and has regular and established places of business throughout this District, including at least at 8610 Broadway Suite 240, San Antonio, TX 78217 and 6375 US-290 Austin, TX, 78723.    *See* https://www.lyft.com/hub/hours/texas. Defendant is registered to do business in Texas and has been served.  Further, on information and belief, Lyft employs local engineers and sales managers in WDTX to serve local customers; Lyft stores property in WDTX (in the homes of its employees) and that equipment was used to service Lyft's WDTX customers, and Lyft continually maintains a physical presence within WDTX,

1

including by advertising for replacement and new employees.  Defendant can be served at its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or anywhere else it can be found.

3.  On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## II.    JURISDICTION AND VENUE

4.  This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5.  This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III.   INFRINGEMENT

### A.  Infringement of the '818 Patent

7.   On November 13, 2018, U.S. Patent No. 10,127,818 ("the '818 patent" , included as Exhibit A and part of this complaint) entitled "Systems And Methods For Detecting And Avoiding An Emergency Vehicle In The Proximity of A Substantially Autonomous Vehicle," was duly and legally issued by the U.S. Patent and Trademark Office.   Plaintiff owns the '818 patent by assignment.

8.   The '818 patent relates to a novel and improved method, systems for identifying that an emission received or captured from the external environment, or a received electromagnetic signal carrying a data, indicates an emergency vehicle in proximity to a substantially autono mous vehicle and that the emergency vehicle occupies a relative position and/or navigating a relative speed such that the substantially autonomous vehicle is a current or future obstruction for the emergency vehicle. À system comprising at least an aspect of the substantially autonomous vehicle is capable of causing the maneuver of the substantially autono mous vehicle to a position, such that substantially autono mous vehicle is not obstructing the emergency vehicle when at the position.

9.   Defendant offers for sale, sells and manufactures device(s), including but not limited to, Autopilot and related systems that infringe one or more claims of the '818 patent, including one or more of claims 1-3, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '818 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the preliminary exemplary table attached as  Exhibit B.  These allegations of infringement are preliminary and are therefore subject to change. The Accused Instrumentality is Tesla Autopilot.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., the Autopilot systems and methods and related systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–3 of the '818 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '818 patent and the technology underlying it from at least the date of the filing of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., the Autopilot systems and methods and related systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–3 of the '818 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '818 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

13. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '818 patent.

IV.    **CONDITIONS PRECEDENT**

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

14. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has plead all statutory requirements to obtain pre-suit damages. Further, all conditions precedent for recovery are met.

### V.  JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.  enter judgment that Defendant has infringed the claims of the Patent-in-Suit;

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an

adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the

future infringement will be willful as a matter of law; and

g.    award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for Autonomous IP, LLC***